FILED 11 APR '23 16:00 USDC-ORP

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:23-cr-  113-SI |
| v. | INDICTMENT |
| PATRICK DORIN BALAN, CODY JOEL STEWART, and FELICIA LYNN HAWKINS Defendants. | 18 U.S.C. § 1349, 1344, 1028A, 1029 (a)(1), 1029(a)(2), 1708, 2 |

**Forfeiture Allegations**

### THE GRAND JURY CHARGES:

1.      Cross River Bank, HAPO Community Credit Union, OnPoint Community Credit

Union, CoBank and US Bank are "financial institutions" as defined in 18 U.S.C. § 20.

### COUNT 1
### (Conspiracy to Commit Bank Fraud)
### (18 U.S.C. § 1349)

2.      Beginning at an unknown time but no later than on or about April 11, 2020, and

continuing until at least April 11, 2023, within the District of Oregon and elsewhere, defendants

**PATRICK DORIN BALAN, CODY JOEL STEWART, and FELICIA LYNN HAWKINS**

and others, known and unknown to the grand jury, did knowingly combine, conspire,

confederate, and agree with each other and with other persons whose identities are known and

unknown to the grand jury, to commit bank fraud, to wit, they agreed to knowingly execute and

attempt to execute, a material scheme and artifice to defraud financial institutions as to a material

**Indictment**                                                                                    **Page 1**
Revised April 2018

matter and to obtain moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, financial institutions by means of materially false or fraudulent pretenses, representations, or promises in violation of 18 U.S.C. § 1344.

## MANNER AND MEANS AND SCHEME TO DEFRAUD

3.      Defendants and others known and unknown to the grand jury used the following manner and means to carry out the conspiracy and scheme to defraud:

4.      It was part of the conspiracy and scheme that the defendants and unnamed co-conspirators obtained the personal identifying information of individuals ("PII") and financial identifying information ("FII") of both individuals and businesses. PII included, but was not limited to, an individual's name, address, date of birth, social security number, and government issued identification cards and numbers. FII included but, was not limited to, individual or business bank account numbers, credit or debit card numbers, bank account names and contact information, and bank account statements.

5.      It was part of the conspiracy and scheme to defraud that defendants and unnamed co-conspirators would obtain PII and FII from various sources such as stolen mail.

6.      It was part of the conspiracy and scheme to defraud that defendants and unnamed co-conspirators would use both fraudulently obtained drivers licenses of real people or create identifying documents using the PII of others.

7.      It was part of the conspiracy and scheme to defraud that defendants and unnamed co-conspirators would use the stolen PII of others to register business entities with the State of Oregon, and they would then open bank accounts for these registered business entities.

**Indictment**                                                                                                           **Page 2**

8.      It was part of the conspiracy and scheme to defraud that defendants and unnamed co-conspirators would use the stolen PII and FII of others to open accounts at financial institutions, which would be used for various reasons, such as, to deposit fraudulently obtained and counterfeit checks, make withdrawals following deposit of a fraudulently obtained or counterfeit check, and apply for loans or lines of credit.

9.      It was part of the conspiracy and scheme to defraud that defendants and unnamed co-conspirators would code stolen PII onto access devices in order to make counterfeit access devices.

10.     It was part of the conspiracy and scheme to defraud that defendants and unnamed co-conspirators used counterfeit access devices and unauthorized access devices to make draw lines of credit at casinos and apply for lines of credit with financial institutions.

11.     It was part of the conspiracy and scheme to defraud that defendants and unnamed co-conspirators would use the stolen PII of others to submit rental applications to property owners and managers.  The defendants then used these rented properties to store equipment and files, which included stolen PII and FII, used to carry out this scheme.

12.     It was part of the conspiracy and scheme to defraud that defendants and unnamed co-conspirators submitted fraudulent applications to financial institutions for unsecured Small Business Administration-guaranteed loans through the Paycheck Protection Program ("PPP"), which authorized the SBA to guarantee loans of up to $10,000,000 to qualifying employers without collateral or personal guarantees from the borrowers.

All in violation of 18 U.S.C. § 1349.

//

**Indictment**                                                                                              **Page 3**

## COUNTS 2-6
### (Bank Fraud)
### (18 U.S.C. §§ 1344, 2)

1.    All prior paragraphs of this Indictment are incorporated herein.

2.    On or about the dates set forth below in each Count, in the District of Oregon and elsewhere, the defendants identified below, for purposes of executing and attempting to execute the material scheme and artifice to defraud financial institutions as to a material matter and for obtaining money, funds, or property owned or under control of the named financial institutions by means of materially false or fraudulent pretenses, representations, or promises described in Count 1 above, knowingly presented and intended to present false information such as counterfeit, stolen and otherwise fraudulent personal identifying information and account information, false business information and false business operations information, and false personal information to the financial institutions named below:

| Count | Defendant(s) | Transaction Date | Financial Institution | Victim Information Used | Type of Transaction |
|-------|-------------|------------------|----------------------|------------------------|---------------------|
| 2. | **PATRICK DORIN BALAN** | 04/11/2020 | Cross River Bank | N/A | PPP Loan |
| 3. | **PATRICK DORIN BALAN** | 01/25/2021 | US Bank | N/A | PPP Loan |
| 4. | **PATRICK DORIN BALAN** | 08/16/2022 | HAPO Community Credit Union | Business Victim 1 | Check Deposit |
| 5. | **PATRICK DORIN BALAN** | 11/18/2022 | OnPoint Community Credit Union | Adult Victim 1 | Bank Account Opening |
| 6. | **PATRICK DORIN BALAN** | 11/22/2022 | CoBank | Business Victim 2 | Check Deposit |

**Indictment**                                                                    **Page 4**

All in violation of 18 U.S.C. §§ 1344 and 2.

## COUNTS 7-8
### (Using or Trafficking in an Unauthorized Access Device)
### (18 U.S.C. §§ 1029(a)(2), 2)

1.    All prior paragraphs of this Indictment are incorporated herein.

2.    On or about the dates set forth below in each Count, in the District of Oregon and

elsewhere, the defendants identified below, knowingly and with intent to defraud, used an

unauthorized access device as defined in subsection (e)(3), and by such conduct obtained things

of value over $1,000, said use affecting interstate and foreign commerce:

| Count | Defendant(s) | Date | Means of Identification | Victim |
|---|---|---|---|---|
| 7. | **PATRICK DORIN BALAN** | 07/25/2022 | Drivers license, name, and date of birth | Adult Victim 3 |
| 8. | **CODY JOEL STEWART** | 07/29/2022 | Drivers license, name, and date of birth | Adult Victim 2 |

In violation of 18 U.S.C. §§ 1029(a)(2) and 2.

## COUNT 9
### (Producing, Using, or Trafficking in a Counterfeit Access Device)
### (18 U.S.C. §§ 1029(a)(1), 2)

1.    All prior paragraphs of this Indictment are incorporated herein.

2.    On or about July 30, 2022, in the District of Oregon and elsewhere, defendant

**FELICIA LYNN HAWKINS**, knowingly and with intent to defraud, used a counterfeit access

device as defined in subsection (e)(3), to wit:  a driver's license with Adult Victim 4's personal

identifying information, said use affecting interstate and foreign commerce,

In violation of 18 U.S.C. §§ 1029(a)(1) and 2.

//

**Indictment**                                                                                    **Page 5**

## COUNTS 10-12
### (Aggravated Identity Theft)
### (18 U.S.C. §§ 1028A, 2)

1.    All prior paragraphs of this Indictment are incorporated herein.

2.    On or about the dates set forth below in each Count, in the District of Oregon and elsewhere, the defendants identified below did unlawfully, knowingly, and intentionally transfer, possess, and use, without lawful authority, a means of identification of another, knowing that the means of identification belonged to a real person, during and in relation to felony violations of provisions contained in Chapter 47 of Title 18:

| Count | Defendant | Transaction Date | Means of Identification | Victim Information Used | Felony Violation |
|---|---|---|---|---|---|
| 10. | **PATRICK DORIN BALAN** | 07/25/2022 | Name, date of birth, and drivers license | Adult Victim 3 | 18 U.S.C. § 1029(a)(2) |
| 11. | **CODY JOEL STEWART** | 07/29/2022 | Name, date of birth, and drivers license | Adult Victim 2 | 18 U.S.C. § 1029(a)(2) |
| 12. | **FELICIA LYNN HAWKINS** | 07/30/2022 | Name, date of birth, and drivers license | Adult Victim 4 | 18 U.S.C. § 1029(a)(1) |

All in violation of 18 U.S.C. §§ 1028A and 2.

## COUNTS 13-14
### (Possession of Stolen Mail)
### (18 U.S.C. §§ 1708, 2)

1.    All prior paragraphs of this Indictment are incorporated herein.

2.    On or about the dates set forth below in each Count, in the District of Oregon and elsewhere, the defendants identified below did unlawfully have in his or her possession a piece of mail which had been stolen, taken, embezzled and abstracted from a letter box or mail

**Indictment**                                                                                              **Page 6**

receptable which was an authorized depository for mail matter, knowing that the said letter to

have been stolen, taken, embezzled and abstracted from an authorized depository for mail matter:

| Count | Defendant(s) | Date | Location Found | Victim |
|-------|--------------|------|----------------|--------|
| 13. | **CODY JOEL STEWART** | 12/08/2022 | 1818 SW 4th Ave., Unit 1524, Portland, OR 97201 | Business Victim 3 |
| 14. | **FELICIA LYNN HAWKINS** | 12/08/2022 | 1818 SW 4th Ave., Unit 1524, Portland, OR 97201 | Business Victim 3 |

All in violation of 18 U.S.C. §§ 1708 and 2.

## FIRST FORFEITURE ALLEGATION

Upon conviction of the offenses alleged in Counts 1-6 of this Indictment, defendants

**PATRICK DORIN BALAN, CODY JOEL STEWART, and FELICIA LYNN HAWKINS**

shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting

or derived from proceeds defendants obtained directly and indirectly, as the result of such

violation, including but not limited to $28,453.52 seized from OnPoint Community Credit Union

and $1,752.00 in U.S. Currency.

If any of the above-described forfeitable property, as a result of any act or omission of the

defendants **PATRICK DORIN BALAN, CODY JOEL STEWART, and FELICIA LYNN**

**HAWKINS**:

      (a)  cannot be located upon the exercise of due diligence;

      (b)  has been transferred or sold to, or deposited with, a third party;

      (c)  has been placed beyond the jurisdiction of the court;

      (d)  has been substantially diminished in value; or

**Indictment**                                                                                                                    **Page 7**

(e) has been commingled with other property which cannot be divided without

difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C.

§ 982(b), to seek forfeiture of any other property of defendants **PATRICK DORIN BALAN,**

**CODY JOEL STEWART, and FELICIA LYNN HAWKINS** up to the value of the forfeitable

property described in these forfeiture allegations.

**SECOND FORFEITURE ALLEGATION**

Upon conviction of the offenses alleged in Counts 7-9 of this Indictment, defendants

**PATRICK DORIN BALAN, CODY JOEL STEWART, and FELICIA LYNN HAWKINS**

shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting

or derived from proceeds defendants obtained directly and indirectly, as the result of such

violation.

If any of the above-described forfeitable property, as a result of any act or omission of the

defendants **PATRICK DORIN BALAN, CODY JOEL STEWART, and FELICIA LYNN**

**HAWKINS**:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without

difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C.

**Indictment**                                                                                    **Page 8**

§ 982(b), to seek forfeiture of any other property of defendants **PATRICK DORIN BALAN,**

**CODY JOEL STEWART, and FELICIA LYNN HAWKINS** up to the value of the forfeitable

property described in these forfeiture allegations.

Dated:                                        A TRUE BILL.

                                              OFFICIATING FOREPERSON

Presented by:

NATALIE K. WIGHT
United States Attorney

RACHEL K. SOWRAY, OSB #095159
Special Assistant United States Attorney

**Indictment**                                                                    **Page 9**